IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| ELVIN TORRES, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 4:21-cv-147 |
| | ) | |
| vs. | ) | |
| | ) | |
| PARKER HANNIFIN CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

Comes now Plaintiff, Elvin Torres, by counsel, and as his Complaint for Damages against Defendant, states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, Elvin Torres, is a resident of Clark County in the State of Indiana and an employee of Defendant(s).

2. Defendant, Parker Hannifin Corporation, is an employer as defined by 42 U.S.C. § 2000e(b), which conduct business in the State of Indiana.

3. Mr. Torres filed a Charge of Discrimination (Charge 470-2021-02475) with the Equal Employment Opportunity Commission on or about June 1, 2021, alleging, *inter alia*, that Defendant discriminated against Plaintiff on the basis of his race and color in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

4. The Equal Employment Opportunity Commission regulations, issued to Mr. Torres a 90-day Right to Sue letter on June 25, 2021.

5. Mr. Torres invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

### GENERAL FACTS & SPECIFIC ALLEGATIONS

7. Plaintiff, is a forty-three (43) year old Hispanic/Puerto Rican male who was employed by the Defendant as a maintenance mechanic since February 2019, and has at all times met or exceeded Defendant's legitimate performance expectations.

8. Throughout his employment, Plaintiff has been subjected to harassment and discrimination because of his race and/or color.

9. On or about January 20, 2021, Defendant gave Plaintiff a final corrective action for being on the maintenance floor with his cell phone, which he uses to do his job.

10. Other non-Latino/Hispanic/Puerto Rican employees often use their cell phones on the maintenance floor to perform their duties, including the recording of filter jams and other mechanical issues, but are not disciplined for doing so.

11. On March 13, 2021, Plaintiff's coworker notified Plaintiff that a maintenance tech was needed on the production floor.

12. After Plaintiff responded to his coworker, his supervisor showed up and complained that he saw Plaintiff looking at his phone, which was untrue.

13. On or about March 15, 2021, Defendant terminated Plaintiff's employment.

### Count I
### Title VII Race

14. Plaintiff incorporates by reference Paragraphs one through thirteen (13) above.

15. Defendant discriminated against Mr. Torres on the basis of his race when it disciplined him for looking at his phone, and also when it terminated him on March 15th.

16. Similarly situated non-Latino/Hispanic/Puerto Rican employees were treated more favorably than Plaintiff in that they are allowed to use their phone to assist them with their jobs and Plaintiff was not.

17. Mr. Torres' race was the motivating factor in Defendant's decision to terminate his employment.

18. These actions violated Mr. Torres' rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

19. As a result of the foregoing, Mr. Torres has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

20. As a result of Defendant's actions, Mr. Torres has incurred attorney fees and costs.

21. Defendant's actions were done with malice or willful reckless disregard to Mr. Torres' rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, punitive damages, and for an award of Plaintiff's attorney fees and costs incurred and for all other appropriate relief.

### Count II
### Title VII Color

22. Plaintiff incorporates by reference Paragraphs one through twenty-one (21) above.

23. Defendant discriminated against Mr. Torres on the basis of his color when it disciplined and terminated him, allegedly for having a cell phone in the shop.

24. Similarly situated white employees were treated more favorably than Plaintiff in that they were not disciplined or terminated for looking at their cell phones on the maintenance floor, or the production floor.

25. These actions violated Mr. Torres' rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

26. As a result of the foregoing, Mr. Torres has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

27. As a result of Defendant's actions, Mr. Torres has incurred attorney fees and costs.

28. Defendant's actions were done with malice or willful reckless disregard to Mr. Torres' rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, punitive damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

### Count III
### § 1981 Claim

29. Plaintiff incorporates by reference Paragraphs one through twenty-eight (28) above.

30. Plaintiff is a Latino/Hispanic/Puerto Rican who entered into a contractual relationship with the Defendant to work as its employee.

31. Defendant discriminated against Mr. Torres on the basis of his race when it disciplined him for looking at his phone, and also when it terminated him on March 15th.

32. Similarly situated non-Latino/Hispanic/Puerto Rican employees were treated more favorably than Plaintiff in that they are allowed to use their phone to assist them with their jobs and Plaintiff was not.

33. Mr. Torres' race was the reason for Defendant's decision to terminate his employment.

34. These actions violated Mr. Torres' rights and were in violation of 42 U.S.C. § 1981, *et seq*.

35. As a result of the foregoing, Mr. Torres has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

36. As a result of Defendant's actions, Mr. Torres has incurred attorney fees and costs.

37. Defendant's actions were done with malice or willful reckless disregard to Mr. Torres' rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, punitive damages, and for an award of Plaintiff's attorney fees and costs incurred and for all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS + PAGE

*/s/ Paul J. Cummings*
Paul J. Cummings, 22713-41

### REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS + PAGE

*/s/ Paul J. Cummings*
Paul J. Cummings, 22713-41

HENN HAWORTH CUMMINGS + PAGE
1634 West Smith Valley Road – Suite B
Greenwood, IN  46142
317-885-0041 - phone
888-308-6503 – fax
Pau.Cummings@HHCfirm.com